FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2001 DEC 11  P 4:08

CLERK'S OFFICE
AT BALTIMORE

_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED CUTLERY CORPORATION, a   *
Tennessee Corporation
                                *
         Plaintiff
                                *
    vs.                              CIVIL ACTION NO. MJG-00-3668
                                *
NFZ INC., a Maryland Corporation
d/b/a TURKEY CREEK TRADING      *
COMPANY; MOHAMMAD ASLAM; and
NAUMAN ASLAM                    *

         Defendants             *

*    *    *    *    *    *    *    *    *

## MEMORANDUM AND ORDER

The Court has before it Plaintiff United Cutlery Corporation's Second Motion for Summary Judgment and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

As reflected in the Memorandum and Order issued August 2, 2001, the Court has granted Plaintiff summary judgment on its copyright infringement claims. By the instant motion, Plaintiff seeks summary judgment as to its unfair competition claims and as to the amount of damages to be awarded on its copyright infringement claims.

A.  **Unfair Competition Claims**

In its first Motion for Summary Judgment, Plaintiff sought summary judgment as to its unfair competition claims as well as its copyright claims. Defendants did not present anything to raise a genuine issue of material fact as to Plaintiff's copyright claims against each of them and its unfair competition claims against the corporate Defendant.[1] The Court did not refer to the unfair competition claims in the Memorandum and Order of August 30, 2001 by oversight doubtlessly engendered by the apparent absence of any practical significance to such claims. In view of Plaintiff's gaining summary judgment on the copyright claims and its decision to pursue only statutory damages thereon, it does not appear that there would be any damages awarded on the unfair competition claims. Nevertheless, the Plaintiff shall be granted summary judgment on such claims.

B.  **Damages**

Under the federal copyright statute, an infringer is liable for either:

---

[1] If Plaintiff is seeking recovery on unfair competition grounds against the individual Defendants, it has not yet presented evidence to demonstrate entitlement to summary judgment on such claims.

>      (1) the copyright owner's actual damages and
>      any additional profits of the infringer, as
>      provided by subsection (b); or
>
>      (2) statutory damages, as provided by
>      subsection (c).

17 U.S.C. § 504(a).

In this case, Plaintiff has decided, apparently for practical reasons, not to pursue any claim for actual damages. Also, Plaintiff understandably does not find "the game worth the candle" to seek recovery of Defendants' profits from the infringement. Plaintiff is thus left with its claim for statutory damages.

The Copyright Act provides:

>      (c) Statutory Damages.
>
>           (1) . . .[T]he copyright owner may
>      elect, . . . to recover, instead of actual
>      damages and profits, an award of statutory
>      damages for all infringements . . . with
>      respect to any one work, . . . in a sum of
>      not less than $750 or more than $30,000 as
>      the court considers just.
>
>           (2) In a case where the copyright owner
>      sustains the burden of proving, and the court
>      finds, that infringement was committed
>      willfully, the court in its discretion may
>      increase the award of statutory damages to a
>      sum of not more than $150,000.

17 U.S.C. § 504(c).

Accordingly, the determination of the amount of statutory damages under the Copyright Act presents[2] a veritable thicket of factual questions. The amount of statutory damages, although within a floor and ceiling is to be in such amount "as the court considers just." <u>Id.</u> Certainly, it is inappropriate for the court to determine in a summary judgment context, with every inference drawn in favor of the Defendants, that the fact finder would nevertheless have to find it "just" to grant Plaintiff the maximum possible recovery rather than some lesser amount. Even if there were no factual issue as to the Defendants' wilfulness, it would still be necessary for the fact finder to exercise discretion to increase the award to an amount of up to $150,000. Of course, there can be degrees of culpability that must be weighed in the process of determining what is "just" and in exercising discretion.

Furthermore, the Supreme Court, in a unanimous decision, definitively ruled that "the Seventh Amendment provides a right to a jury trial on all issues pertinent to an award of statutory damages under 504(c) of the Copyright Act including the amount itself." <u>Feltner v. Columbia Pictures Television, Inc.</u>, 523 U.S. 340, 355 (1998). In the instant case a jury trial was

---

[2] Perhaps inevitably, but certainly in the instant case.

4

demanded by Plaintiff and has not been waived. Accordingly, it will be the jury that will decide the amount of statutory damages to be awarded. The Court cannot, in the instant case, conclude that no reasonable jury could award any less than the maximum possible amount of statutory damages.

Plaintiff manifestly is not entitled to summary judgment with regard to the amount of damages to be awarded.

Finally, the Court finds it inappropriate, prior to the conclusion of the case, to resolve Plaintiff's claim for an award of legal fees.

### C. Conclusion

For the foregoing reasons:

1. Plaintiff United Cutlery Corporation's Second Motion for Summary Judgment is GRANTED IN PART AND DENIED IN PART.

    a. Plaintiff is granted summary judgment as to its unfair competition claims against the corporate defendant.

    b. Plaintiff is denied summary judgment as to its damages claims.

2. The parties shall, in view of the practical reality of the instant case, promptly seek to agree upon the remaining issues and settle the case.

3. If settlement is not promptly reached, Plaintiff shall arrange a telephone conference by December 31, 2001 to schedule the trial of the remaining issues in the case early in 2002.

SO ORDERED this 11th day of December, 2001.

*/s/ Marvin J. Garbis*
Marvin J. Garbis
United States District Judge